IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIK GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. |
| BOONDOGGLES CORP., VALDO'S SEAFOOD | ) | |
| HOUSE and THE LAKEVIEW MARINA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, ERIK GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendants BOONDOGGLES CORP., VALDO'S SEAFOOD HOUSE and THE LAKEVIEW MARINA, INC., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.    Plaintiff ERIK GARCIA (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3.    Plaintiff is disabled as defined by the ADA.

4.    Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing

1

5.     Plaintiff uses a wheelchair for mobility purposes.

6.     Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7.     Defendant, BOONDOGGLES CORP. (hereinafter "BOONDOGGLES CORP."), is a Texas corporation that transacts business in the State of Texas and within this judicial district.

8.     Defendant, BOONDOGGLES CORP., may be properly served with process via its registered agent for service, to wit:   c/o D. J. Gelfo, Registered Agent, 4106 Nasa Rd. 1, El Lago, TX  77586.

9.     Defendant, VALDO'S CAFÉ, INC. (hereinafter "VALDO'S CAFÉ, INC.") is a Texas company that transacts business in the State of Texas and within this judicial district.

10.     Defendant, VALDO'S CAFÉ, INC., may be properly served with process via its registered agent for service, to wit:  c/o Victor M. Hernandez, Registered Agent, 804 Preston, Pasadena, TX 77503.

11.     Defendant, THE LAKEVIEW MARINA, INC. (hereinafter "THE LAKEVIEW MARINA, INC."), is a domestic for-profit corporation that transacts business in the State of Texas and within this judicial district.

2

12.     Defendant, THE LAKEVIEW MARINA, INC., may be properly served with process via its registered agent for service, to wit:   c/o John Devereux, Registered Agent, 304 Harborside Drive, Kemah, TX  77565.

## FACTUAL ALLEGATIONS

13.     Plaintiff has visited "Lone Star Heroes Comics", businesses located on the Property at 4106 E. Nasa Parkway, El Lago, TX  77586, referenced herein as "Lone Star" approximately ten (10) times in the last two years.

14.     Plaintiff is an avid comic book reader and Lone Star Heroes Comics is his preferred comic book store in the Houston area.

15.     Plaintiff has visited "Boondogles", a business located on the Property at 4106 E NASA Pkwy, El Lago, TX 77586 as a customer and advocate for the disabled on two separate occasions, the most recent being during the summer of 2019.

16.     Plaintiff has visited "Valdo's Seafood House" a business located on the Property at 4106 E NASA Pkwy, El Lago, TX 77586 approximately two years ago.

17.     Thus, in the previous two years, Plaintiff has visited the Property as a customer approximately thirteen (13) times.

18.     Defendant, BOONDOGGLES CORP., is the lessee and operator of Boondoggle's which is located on the Property.

19.     Defendant, VALDO'S CAFÉ, INC., is the lessee and operator of Valdo's Seafood House.

20.     Defendant, THE LAKEVIEW MARINA, INC., is the owner or owner of the real property and improvements that Lone Star, Boondoggles, Valdo's Seafood House are situated

3

upon and that is the subject of this action, referenced herein as the "Property."

21.      Plaintiff lives 8 miles from Lone Star, Boondoggles, Valdo's Seafood House and the Property.

22.      Plaintiff's access to the business(es) located 4106 E. Nasa Parkway, El Lago, TX 77586, Harris County Property Appraiser's account numbers 0760530010032 and 0760530010036 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants, BOONDOGGLES CORP., VALDO'S CAFÉ, INC. and THE LAKEVIEW MARINA, INC., are compelled to remove the physical barriers to access and correct the ADA violations that exist at Lone Star, Boondoggles, Valdo's Seafood House and the Property, including those set forth in this Complaint.

23.      Plaintiff has visited Lone Star, Boondoggles, Valdo's Seafood House and the Property at least thirteen times before as a customer and advocate for the disabled.  Plaintiff intends on revisiting Lone Star, Boondoggles, Valdo's Seafood House and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and Lone Star, Boondoggles, Valdo's Seafood House and the Property is accessible again.  The purpose of the revisit is to be a regular customer, to determine if and when Lone Star, Boondoggles, Valdo's Seafood House and the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

24.      Plaintiff intends on revisiting Lone Star, Boondoggles, Valdo's Seafood House and the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the

4

ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

25.     Plaintiff travelled to Lone Star, Boondoggles, Valdo's Seafood House and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Lone Star, Boondoggles, Valdo's Seafood House and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Lone Star, Boondoggles, Valdo's Seafood House and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

26.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.*

27.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

28.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

        * * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

29.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

30.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

31.     Valdo's Seafood House is a public accommodation and service establishment.

32.     Boondoggle's is a public accommodation and service establishment.

33.     The Property is a public accommodation and service establishment.

34.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to

implement the requirements of the ADA. 28 C.F.R. Part 36.

35.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

36.     Valdo's Seafood House must be, but is not, in compliance with the ADA and ADAAG.

37.     Boondoggle's must be, but is not, in compliance with the ADA and ADAAG.

38.     The Property must be, but is not, in compliance with the ADA and ADAAG.

39.     Plaintiff has attempted to, and has to the extent possible, accessed Lone Star, Boondoggles, Valdo's Seafood House and the Property in his capacity as a customer of Lone Star, Boondoggles, Valdo's Seafood House and the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Lone Star, Boondoggles, Valdo's Seafood House and the Property that preclude and/or limit his access to Lone Star, Boondoggles, Valdo's Seafood House and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

40.     Plaintiff intends to visit Lone Star, Boondoggles, Valdo's Seafood House and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Lone Star, Boondoggles, Valdo's Seafood House and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Lone Star, Boondoggles, Valdo's

Seafood House and the Property that preclude and/or limit his access to Lone Star, Boondoggles, Valdo's Seafood House and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

41.     Defendants BOONDOGGLES CORP., VALDO'S CAFÉ, INC. and THE LAKEVIEW MARINA, INC., have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Lone Star, Boondoggles, Valdo's Seafood House and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

42.     Defendants, BOONDOGGLES CORP., VALDO'S CAFÉ, INC. and THE LAKEVIEW MARINA, INC., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants BOONDOGGLES CORP., VALDO'S CAFÉ, INC. and THE LAKEVIEW MARINA, INC., are compelled to remove all physical barriers that exist at Lone Star, Boondoggles, Valdo's Seafood House and the Property, including those specifically set forth herein, and make Lone Star, Boondoggles, Valdo's Seafood House and the Property accessible to and usable by Plaintiff and other persons with disabilities.

43.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to Lone Star, Boondoggles, Valdo's Seafood House and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Lone Star and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i)     There are changes in level in the Property exceeding ½ (one-half) inch that are not accessible ramped in violation of Section 303.4 of the 2010 ADAAG standards. Specifically, there is an approximately 2 (two) inch vertical rise at the accessible entrance to Units 4106 and 4106E, thus rendering the interior of these units of the Property, at best, dangerously accessible, at worst, totally inaccessible. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(ii)    The doorways of the accessible entrances to Units 4106 and 4106E are not level in violation of section 404.2.4.4 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(iii)   Due to the accessible barrier present at the accessible entrances to Units 4106 and 4106E, the accessible entrances of the Property lacks at least one accessible route provided within the site to the public streets and sidewalks in violation of section 206.2.1 of the 2010 ADAAG standards.

(iv)    The Property lacks signage identified by the International Symbol of Accessibility that indicates the location of the nearest entrance complying with section 404 of the 2010 ADAAG standards, if such an entrance exists.  This policy decision by Defendant(s) violates section 216.6 of the 2010 ADAAG Standards.  This violation made it difficult for Plaintiff to find an accessible entrance.

(v)     The Property lacks an access route from site arrival points such as the public streets and sidewalks to the accessible entrances of Units 4106 and 4106E in violation of section 206.2.1 of the 2010 ADAAG standards.

(vi)     There is not at least one accessible entrance to each tenant space in the building that complies with section 404 of the 2010 ADAAG standards which is a violation of section 206.4.5 of the 2010 ADAAG Standards.

(vii)    The side walk in front of Units 4104, 4106 and 4106E have accessible routes with clear widths below the minimum 36 (thirty-six) inch requirement as required by Section 403.5.1 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(viii)   The Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of Section 206.2.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access public features of the Property.

(ix)     Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route in front of Units 4104, 4106 and 4106E, cars routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route causing the exterior access route to routinely have clear widths below the minimum thirty-six (36") inch requirement specified by Section 403.5.1 of the 2010 ADAAG Standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(x)      Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route in front of Units 4104, 4106 and 4106E, cars routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route as a result, in violation of Section 502.7 of the 2010 ADAAG

Standards, parking spaces are not properly designed so that parked cars and vans cannot obstruct the required clear width of adjacent accessible routes.

(xi)     The Property lacks an accessible route from accessible parking spaces in front of Units 4104, 4106 and 4106E to the accessible entrance of the Property in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(xii)    Near Valdo Seafood House, the accessible parking space is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(xiii)   Near Valdo Seafood House, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xiv)    Near Valdo Seafood House, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(xv)     The accessible parking space in front of Valdo Seafood House only provides an accessible route into Valdos Seafood House and does not provide an accessible route to any of the other accessible entrances on the Property, this is a violation of section 206.2.2 and 206.2.1 of the 2010 ADAAG standards.

(xvi)   The Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of Section 206.2.2 of the 2010 ADAAG standards. Specifically, the exterior eating area of Valdo Seafood House is inaccessible due to the presence of stairs with no nearby accessible ramp. This violation made it difficult for Plaintiff to access public features of the Property.

(xvii)  At Valdo Seafood House, there is not at least 5% (five percent) of the dining surfaces provided for consumption of food or drink that comply with Section 902.2 of the 2010 ADAAG standards, requiring appropriate knee and toe clearance complying with section 306 of the 2010 ADAAG standards, positioned for a forward approach, in violation of Section 226.1 of the 2010 ADAAG standards.

(xviii) On the northern side of the Property near the entrance to Boondoggle's, the access aisle adjacent to the accessible parking spaces has a cross-slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and are not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xix)   The accessible entrance to Boondoggle's closest to the two accessible parking spaces has a doorway threshold with a vertical rise in excess of ½ (one half) inch and does not contain a bevel with a maximum slope of 1:2 in violation of Section 404.2.5 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the interior of the Property.

12

(xx)    Inside Boondoggle's, the bar is lacking any portion of the counter that has a maximum height of 34 (thirty-four) inches from the finished floor in violation of Section 902.3 of the 2010 ADAAG standards, all portions of the bar exceed 34 (thirty-four) inches in height from the finished floor. This violation made it difficult for Plaintiff to enjoy the unique eating experience at the bar.

(xxi)   Inside Boondoggle's, there is not at least 5% (five percent) of the bar arear dining surfaces provided for consumption of food or drink which complies with Section 902.3 requiring the maximum height of the dining surface to be maximum 34 (thirty-four) inches above the finished floor in violation of Section 226.1 of the 2010 ADAAG standards.

(xxii)  Inside Boondoggle's, due to the policy of the operator/tenant maximize the number of tables and chairs in the restaurant, the interior has walking surfaces leading to the restroom lacking a 36 (thirty-six) inch clear width in violation of Section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features in the Property.

(xxiii) At Boondoggle's, there is not at least 5% (five percent) of the exterior dining surfaces provided for consumption of food or drink which complies with Section 902.2 requiring a clear floor space complying with 305 positioned for a forward approach, in violation of Section 226.1 of the 2010 ADAAG standards.

(xxiv)  The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards. There are approximately 196 total parking spaces on the Property requiring six accessible parking spaces, but there

are only three accessible parking spaces. This violation made it difficult for Plaintiff to locate an accessible parking space.

(xxv)   For Units 4104, 4106 and 4106E, the Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of Section 206.2.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access public features of the Property.

(xxvi)   Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**BOONDOGGLE'S RESTROOMS**

(i)   The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(ii)   The accessible toilet stall door is not self-closing and violates Section 604.8.2.1 of the 2010 ADAAG standards. This made it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iii)   The restrooms lack proper stall door hardware on the inside portion of the stall door in violation of Section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities as the stall door does not self-close and there is no door hardware on the inside of the stall.

(iv)   The height of coat hook located in accessible restroom stall is above 48 (forty-eight) inches from the finished floor in violation of Section 308.2.1 of the 2010

14

ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(v)     Due to the placement of the baby changing table and a failure to implement an adequate policy of maintenance for the baby changing table, the changing table in the restroom stall is in a permanent state of remaining open, as such, the restroom stall lacks adequate clear floor space in violation of Section 604.3.1 and 604.8.1.1 of the 2010 ADAAG standards due to the open baby changing table intruding into the floor space of the stall. This made it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vi)    The hand operated flush control is not located on the open side of the accessible toilet in violation of Section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

44.     The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Lone Star, Boondoggles, Valdo's Seafood House and the Property.

45.     Plaintiff requires an inspection of Lone Star, Boondoggles, Valdo's Seafood House and the Property in order to determine all of the discriminatory conditions present at Lone Star, Boondoggles, Valdo's Seafood House and the Property in violation of the ADA.

46.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

47.     All of the violations alleged herein are readily achievable to modify to Lone Star,

Boondoggles, Valdo's Seafood House and the Property into compliance with the ADA.

48.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Lone Star, Boondoggles, Valdo's Seafood House and the Property is readily achievable because the nature and cost of the modifications are relatively low as the exterior violations do not require a lot of concrete work or adjusting the surface slope of the parking lot.  The interior violations are mostly changing of bathroom fixtures and not major plumbing work.

49.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Lone Star, Boondoggles, Valdo's Seafood House and the Property is readily achievable because Defendants, BOONDOGGLES CORP., VALDO'S CAFÉ, INC.  and THE LAKEVIEW MARINA, INC., have the financial resources to make the necessary modifications as the market value of the Property is listed by the Property Appraiser at $1,282,808.00.

50.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

51.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, BOONDOGGLES CORP., VALDO'S CAFÉ, INC. and THE LAKEVIEW MARINA, INC., are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Lone Star, Boondoggles, Valdo's Seafood House and the Property, including those alleged herein.

52.     Plaintiff's requested relief serves the public interest.

53.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, BOONDOGGLES CORP., VALDO'S CAFÉ, INC.  and THE LAKEVIEW MARINA, INC.

54.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, BOONDOGGLES CORP., VALDO'S CAFÉ, INC. and THE LAKEVIEW MARINA, INC., pursuant to 42 U.S.C. §§ 12188 and 12205.

55.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, BOONDOGGLES CORP., VALDO'S CAFÉ, INC. and THE LAKEVIEW MARINA, INC., to modify Lone Star, Boondoggles, Valdo's Seafood House and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, BOONDOGGLES CORP., in violation of the ADA and ADAAG;

(b)     That the Court find Defendant, VALDO'S CAFÉ, INC., in violation of the ADA and ADAAG;

(c)     That the Court find Defendant, THE LAKEVIEW MARINA, INC., in violation of the ADA and ADAAG;

(d)     That the Court issue a permanent injunction enjoining Defendants, BOONDOGGLES CORP., VALDO'S CAFÉ, INC. and THE LAKEVIEW MARINA, INC., from continuing their discriminatory practices;

(e)     That the Court issue an Order requiring Defendants, BOONDOGGLES CORP., VALDO'S CAFÉ, INC. and THE LAKEVIEW MARINA, INC., to (i) remove

the physical barriers to access and (ii) alter the subject Lone Star, Boondoggles, Valdo's Seafood House and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(f)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(g)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: January 20, 2020.

Respectfully submitted,

/s/ Douglas S. Schapiro
Douglas S. Schapiro, Esq.
*Attorney-in-Charge for Plaintiff*
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

18